GEORGE P. CARLE, and others, Officers of Registration of the Seventh Precinct of the Eighteenth Ward of Baltimore City *vs.* AUGUSTUS W. MUSGROVE.

*Registration of Voters—Construction of the Act of 1892, ch. 239, sec. 19.*

The Act of 1892, ch. 239, sec. 19, provides that, "when any person applying for registration at any sitting of officers of registration appointed under this Article shall be found, upon proper inquiry, to have been previously registered within the State, under the provisions of this Article, the officers of registration to whom such application is made, before registering such person, shall demand and receive from him a certificate of his last previous registration made by the officers of registration or by the clerk of the Court in whose custody the duplicate registries of voters may then be, in which such applicant was formerly registered, showing the entries relating to said person in such former registration, and showing that the name of such person has been stricken from the duplicate registries of voters in the election precinct or election district in which he was last before recorded as a qualified and registered voter. Such a certificate of previous registration shall be cancelled by the officers of registration, who shall register such person anew." During the September sittings of the year 1892, M. applied to the officers of registration of the seventh precinct of the eighteenth ward of Baltimore to be registered as a qualified voter of said precinct and ward. At that time he lived in said precinct and ward, and had so resided for four years previous to the filing of said petition. In the year 1886, the petitioner had been registered in Howard County as a qualified voter, but since that time he had been registered as a qualified voter of the seventh precinct of the eighteenth ward, and he proved that he had exhibited to the registration officers in the City of Baltimore in 1890, when he last registered, his proper certificate from the registration officers of Howard County containing the requisite entries, and showing that his name had been stricken from the register of voters in said county. HELD:

Carle, *et al. vs.* Musgrove.

1st. That the petitioner having been, in the year 1890, registered as a qualified voter in the seventh precinct of the eighteenth ward, and having again, in the year 1892, applied to the registration officers of the same precinct and ward for registration, he was entitled to be registered without producing a certificate from the officers of registration of Howard County.

2nd. That the fact of his previous registration, coupled with his sworn testimony to the effect that he had delivered to the officers by whom he had been registered when he first became a voter in said ward, said certificate from the Howard County officers, was a substantial compliance with the provisions of the law, and was, together with all the evidence adduced, legally sufficient to entitle him to be registered.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued for the appellants before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, MC-SHERRY, and BRISCOE, J., and submitted on brief for the appellee.

*Peter J. Campbell,* and * *James H. Preston,* for the appellants.

*J. Cookman Boyd,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This is an appeal from an order of the Court below, directing the appellants, officers of registration of the seventh precinct of the eighteenth ward of Baltimore City, to enter the name of Augustus W. Musgrove as a qualified and registered voter in the register of voters of said precinct and ward. The facts as disclosed in the

* Present, but did not speak, as in the absence of counsel for the appellee, only one counsel for the appellants could be heard.

record are, that the petitioner, Musgrove, when he filed his petition, lived at No. 1839 McHenry street, in the seventh precinct of the eighteenth ward of Baltimore City, and had so resided for four years previously to the filing of his said petition; that during the September sittings of the year 1892, he applied to the appellants for registration; that upon examination for registration by the appellants, it was found that the petitioner had the qualifications to entitle him to registration, but the fact was disclosed that the petitioner had, in the year 1886, registered in Howard County as a qualified voter; thereupon the appellants, as a condition precedent to his being registered, demanded from him a certificate from the registration officers of Howard County, containing the particulars of his said registration in said county, and establishing the fact that his name had been stricken from the registration books of said county. The petitioner then gave evidence showing that he had, previously to his said application to the appellants, and since his registration in Howard County, registered in Baltimore City as a duly qualified voter of the said seventh precinct of the eighteenth ward, and further proved that he had exhibited to the registration officers in the City of Baltimore in 1890, when he last registered, his proper certificate from the registration officers of Howard County, containing the requisite entries and showing that his name had been stricken from the registries of voters in the said county.

There is no controversy whatever concerning the facts of the case, but the contention on the part of the appellants is, that the petitioner should have furnished, upon their demand, a proper certificate from the registration officers of Howard County, showing that his name had been stricken from the list of qualified voters of said county. So much of the Act of 1892, ch. 239, sec. 19, which need be here quoted, reads as follows: "When

any person applying for registration at any sitting of officers of registration appointed under this Article, shall be found, upon proper inquiry, to have been previously registered within the State, under the provisions of this Article, the officers of registration, to whom such application is made, before registering such person, shall demand, and receive from him a certificate of his *last previous* registration, made by the officer of registration or by the clerk of the Court in whose custody the duplicate registries of voters may then be, in which such applicant was formerly registered, showing the entries relating to said person in such former registration, and showing that the name of such person has been stricken from the duplicate registries of voters in the election precinct, or election district, in which he was *last before* recorded as a qualified and registered voter; such certificate of previous registration shall be cancelled by the officers of registration who shall register such person anew." The phraseology of the Act is plain and unambiguous. The petitioner having been in the year 1890, registered as a qualified voter in the seventh precinct of the eighteenth ward, and having again in the year 1892, applied to the registration officers of the same precinct and ward for registration, he was entitled to be registered without producing a certificate from the officers of registration of Howard County.

It would, however, have been eminently proper for the appellants to have inquired into the previous registration of the petitioner if there existed the slightest doubt as to his qualifications. This could have been done without difficulty, as the Act of 1892, ch. 368, sec. 35, provides that "at such new general registration, the registers of their several precincts as aforesaid, shall be entitled to receive the preceding registration books from the Board of Supervisors of Election in the City of Baltimore for the purpose of comparison and assistance in

identification, and if any one shall apply for registration who appears in such former registry as disqualified, his name shall be entered in the new registries, but he shall be marked *'disqualified'* unless such grounds of disqualification shall be removed."

The method which the statute has thus provided for "the purpose of comparison and assistance in identification," would have supplied in this case all that was requisite to determine the petitioner's right to registration.

Whilst we are of the opinion that the Court below, upon the proof offered, was right in directing the appellants to enter the name of the petitioner on the list of qualified voters, we cannot fail to recognize and approve the statement in the brief of the appellants, that "the chief object of the registration laws is to insure that while all voters should be registered in some ONE place, each voter should be allowed to register and vote in BUT ONE PLACE." At the same time we do not think the Legislature in seeking to place proper safeguards around the ballot-box contemplated the creation of such precautionary measures, as would practically amount to a denial, in some instances, of the right of the citizen to be registered and to exercise his right of elective franchise. In this case the petitioner had been a duly qualified voter in said precinct, and when he again applied for registration in the same precinct, he should not have been required to produce a certificate from the officers in Howard County, but the fact of his previous registration, coupled with his sworn testimony to the effect, that he had delivered to the appellants' predecessors in office, said certificate from the Howard County officers, when he first became a voter in said ward, was a substantial compliance with the provisions of the law, and was, together with all the evidence adduced, legally sufficient to entitle him to be registered. We find no error

in the action of the Court below, and therefore affirm the order.

*Order affirmed.*

(Decided 14th March, 1893.)